CHARLES FINCKE et al., Executors, etc., *v.* ANNA N. FINCKE et al., Appellants, and THOMAS H. RODMAN et al., Respondents.

M. devised certain real estate to his trustees, in trust, to sell and convert into money, to divide the proceeds into three equal parts, to invest the same, and to apply the income and profits for the use and benefit of three grandchildren, one portion to each for life, the respective portions so invested or intended to be invested for the benefit of each to be paid over upon death to his or her heirs. By a codicil this devise was modified, the testator devising such portions of said real estate as remained unsold at the time of his death, in trust substantially as provided in the will, with the proviso, that in case the proceeds of sale do not amount to $30,000, there should be added to such proceeds out of the residue of his estate sufficient to make up that sum, the same to be

divided and held upon the trusts stated in the will. *Held*, that the beneficiaries, after the death of the testator and before a sale of the real estate, were only entitled to receive the income therefrom; that they were not entitled to anything from the residuary estate until upon sale of the land it should be ascertained that the proceeds did not amount to $30,000; and that therefore, a judgment giving them the interest upon that sum from the income of the residuary estate, from the time of the testator's death to the sale, was error.

(Argued October 3, 1873; decided October 10, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment entered upon the decision of the court at Special Term.

This action was brought to obtain a construction of the last will and testament of Abijah Manse, Jr., deceased, and of a codicil thereto. The clauses of the will and codicil brought in question are quoted in the opinion.

The real estate mentioned therein had not been sold and had yielded no income. The Special Term refused to interfere with the discretion of the trustees as to the time and manner of sale, but decided that in the meantime and until such sale shall have been made it was and is the duty of plaintiffs (the trustees and executors) " to pay semi-annually out of the income of said residuary estate to and for the use of the defendant, Thomas H. Rodman, Jr., a sum which shall be equal to the interest on $10,000, to be computed at the rate of six per cent per annum from and after the 6th day of September, 1868, and a like sum to and for the use of said defendant, Mary W. Rodman, and a like sum to and for the use of the said defendant, William D. Rodman."

*Joshua M. Van Cott* for the appellants.

*T. H. Rodman, Jr.*, for the respondents. When an estate is given in a will with positive directions to sell, with discretion as to time of sale, conversion is worked by the death of the testator. (*Stagg* v. *Jackson*, 1 Comst., 212; *Fowler* v.

*Depau*, 26 Barb., 239; *Forsyth* v. *Rathbone*, 34 id., 405; *Arnold* v. *Gilbert*, 5 id., 196; *White* v. *Howard*, 46 N. Y., 162.) In a case like this the primary intention of the testator to benefit the legatee must prevail. (*Murray* v. *Murray*, 2 Ch. Sent., 23; *Taylor* v. *Clark*, 1 Hare, 168; *Meyers* v. *Eddy*, 47 Barb., 266; *Setwell* v. *Bernard*, 6 Ves., 535, 536, note; *Varley* v. *Winn*, 2 K. & J., 708; *Fitzgerald* v. *Jervoise*, 5 Madd., 29; *Arnold* v. *Gilbert*, 5 Barb., 197; *Dickin* v. *Edwards*, 4 Hare, 276.) The *cestuis que trust* were entitled to interest on the $30,000 from the date of the testator's death. (*Haxtan* v. *Corse*, 2 Barb. Ch., 519; *Campbell* v. *Cowdrey*, 31 How., 180; *In re Bird's Estate*, 2 Pars. Eq., 172; Hilyard's Estate, 5 Watts & S., 30; *Eyre* v. *Golding*, 5 Binn., 472; *Spurway* v. *Glyn*, 9 Ves., 483; *Shirt* v. *Westby*, 16 id., 395; *Cook* v. *Meeker*, 36 N. Y., 15; 1 Am. Lead. Cas., 5th ed., 629; 2 Redf. on Wills, 475, ed. 1870; 1 Chicago Leg. News, 210; *Fontaine* v. *Tyler*, 9 Price, 94; *Queen's Coll.* v. *Sutton*, 12 Sim., 521; *Townsend* v. *Martin*, 7 Hare, 471; *Page* v. *Leapingwell*, 18 Ves., 463; *Creed* v. *Creed*, 11 Cl. & Finn., 510; Story's Eq. Jur., § 566.) It was the duty of the trustees under the will to sell the Red Hook property immediately upon the death of the testator. (*Walker* v. *Shore*, 19 Ves., 391; *Hutcheson* v. *Mannington*, 1 id., 366, and notes; *Arnold* v. *Gilbert*, 5 Barb., 196; *Forsyth* v. *Rathbone*, 34 id., 390; *Marsh* v. *Wheeler*, 2 Edw. Ch., 163; *Robinson* v. *Robinson*, 19 Beav., 390; *Howe* v. *Ld. Dartmouth*, 7 Ves., 137; *Fearns* v. *Young*, 9 id., 552; *Cafe* v. *Bent*, 5 Hare, 34; 2 Wms. on Exrs., 1196, 1197; *Denies* v. *Scott*, 4 Russ., 195; *Abrahal* v. *Hamilton*, 101 C. R., 51; *Wightwick* v. *Lord*, 6 H. L., 228; *Sitwell* v. *Bernard*, 6 Ves., 541.)

GROVER, J.  The appeal is from that part of the judgment only which determines that it is the duty of the plaintiffs to pay, to the beneficiaries named in the sixth and seventh clauses of the codicil, a sum, semi-annually, equal to the interest of $30,000, from the income of the residuary estate, from September 6, 1868 (the time of the death of the testa-

tor), until the real estate therein specified shall be sold under the directions therein given.

The residuary estate, which is large, is by the will divided into eight equal parts, one of which is given to trustees in trust to pay the income to the surviving daughter of the testator for life, and ·upon her decease to pay the principal to her heirs, and the other seven are given upon trust to pay the income of one part to each of seven grandchildren of the testator for life, and upon the death of either to pay the principal to his or her heirs. The beneficiaries named in the sixth and seventh clauses of the codicil are three of the grandchildren, entitled to one share each under the residuary clause as above stated. The only question before the court is whether the beneficiaries, under the codicil, are entitled to receive the interest of $30,000 from the death of the testator until the sale of the real estate, from the income of the residuary estate, or any part thereof. This depends upon the construction of the clauses of the codicil. As these clauses modify, in some respects, a devise for the benefit of the same beneficiaries contained in the will, it is necessary that this should be read in connection with the codicil relating to the same subject.

The devise in the will is as follows : " I give and devise to my son-in-law Thomas Rodman, * * * the two blocks of ground which I purchased from Daniel Richards, situated at Red Hook, so called, in the city of Brooklyn, in trust, to sell the same and convert the same into money, at such time and in such manner as my said executors and executrix may, in their discretion, deem expedient, and to divide such proceeds into three several equal portions, and to invest in the public securities of the United States, etc., one of said portions for the use and benefit of my grandchild, Thomas H. Rodman, Jr., for his life ; one portion in like manner to be invested for the use and benefit of my grandchild, Mary Ann Rodman, for her life, and the third portion in like manner to be invested for the use and benefit of my grandchild, William Dudley Rodman, for his life, and to apply the income and profits of

each portion so invested, or to be invested as aforesaid, to the use of each of my said grandchildren for whom such is, or intended to be, so invested, for their respective lives; and on their respective deaths, either before or after my decease, to pay over such respective portions so invested, or intended to be invested, to the respective heirs of my said three grandchildren."

There is no ambiguity in this part of the will. The purpose of the testator is plain. He thereby devotes the income of this real estate, before sold, and the income of its proceeds when sold, whether more or less, to the three beneficiaries equally for life, and the principal of one share to the heirs of each upon his or her death. No charge in any event is made upon the residuary or any other portion of the estate. A question, as to when the land should be sold, might arise in respect to the interest of those entitled to the income for life, but this could not affect any interest in any other part of the estate. Had not this devise been modified by the codicil, this is the only question that could have arisen; it remains to be considered what modification has been so made.

The sixth clause of the codicil refers to and describes this devise, and then proceeds in the seventh to say: "I now, instead of said two blocks of ground, hereby give, devise and bequeath to the said trustees thereof, in said will named, only the portions and lots embraced in said two blocks now unsold, or which may remain unsold at my decease, and the proceeds thereof to the said trustees in trust, to sell and convert the same into money at such time and in such manner as they may, in their discretion, deem expedient; and in case such proceeds shall not amount to the sum of $30,000, then there shall be added to such proceeds a sum of money out of the other portion of my estate sufficient to make such proceeds equal to the sum of $30,000, and to divide such proceeds into three equal separate portions, and to hold the same, upon the trusts in said will in that respect declared, for said grandchildren during their respective lives,"

etc., giving the principal upon their respective deaths in the same manner as the will.

In what respect does this modify the devise contained in the will? In this only. By the will the entire proceeds are given irrespective of the amount. The codicil shows that the testator thought that these proceeds might, by sales of portions of the property made or to be made by him during his life, be reduced to a sum less than he designed to give the beneficiaries. To obviate this, he provides by the codicil that the devise shall include such part of the land devised by the will as should remain unsold at the time of his death, and that if such part, upon a sale by the trustees, as directed both in the will and codicil, should not produce the sum of $30,000, then there should be added to the proceeds, out of the other portion of his estate, a sum sufficient to make up that amount. Both by the will and codicil the entire proceeds of the land devised are given to the beneficiaries, irrespective of the amount, and hence the latter would take the entire amount, although exceeding $30,000. Under that part of the judgment appealed from, the beneficiaries will be paid the interest of $30,000 from the income of the residuary estate from the death of the testator until the lands are sold, although the proceeds of the sale should exceed that amount. But in that event nothing is to be added to the proceeds of the sale or taken from the other portion of the estate.

The counsel for the respondent insists that, by the codicil, $30,000 are given to the beneficiaries, and cites authorities showing that when a legacy is given with direction for payment from a certain part of the estate, this direction is only modal, and that, if the estate is sufficient, the legacy is to be paid irrespective of such direction. But that is not this case. The bequest is not one of $30,000, to be paid out of the proceeds of the sale of the land, under which, if the proceeds amounted to more, the excess would belong to the estate and not to the legatees, but a bequest of the proceeds of the land absolutely; and, upon the contingency

that such proceeds amount to less than $30,000, a bequest from the other portion of the estate of a sum sufficient to make such proceeds and sum amount to $30,000. This was the intention of the testator, clearly expressed, and his lan-. guage admits of no other construction. To give the legatees the interest of $30,000 from the death of the testator until the sale of the land, and then give them the entire proceeds, although exceeding that sum, would be an utter perversion of his intention, and the insertion of a new provision into the codicil. Whether anything is to be taken from the residuary estate, can only be determined by the amount of the proceeds arising upon an actual sale.

The counsel for the respondent insists upon the settled rule, that where lands are devised with positive directions to sell, equity regards them as actually converted, and therefore argues that in this case the rights of the legatees are the same as though the lands had been actually sold immediately upon the death of the testator, in which event the legatees of the income for life would have received interest upon at least $30,000 from that time. But this rule cannot be applied in this case, for the reason that the testator has carefully provided in his will for the taking of a deficiency from the other portion of his estate, when the fact of there being a deficiency has been ascertained by an actual sale.

The counsel further insists that the judgment should be sustained upon the ground that it was the duty of the trustees to sell immediately upon the death of the testator, and that their failure to do so should not prejudice the life beneficiaries of the income; and cites some authorities holding that a direction to sell at such time as the trustees should see fit, is equivalent to a direction to sell with all convenient speed or in a reasonable time. These were cases where the question arose between those entitled to the income for life and those entitled to the fund upon their decease. In this the testator has charged the other portion of his estate with a deficiency that might arise upon a sale made in the manner prescribed by him, at the same time

giving to the life beneficiaries the chance of the increase from the proceeds, amounting to more than $30,000, in consequence of an increase in the value of the land, intermediate the death of the testator and the time of the sale. The facts in the cases cited differ materially from the present case in these respects. Should the discretion of the trustees, as to the time of the sale, be arbitrarily or capriciously exercised by them to the prejudice of the beneficiaries entitled to a life estate in the income of the proceeds, the court would give a remedy. By that part of the judgment in the present case which has not been appealed from it is determined that, thus far, it has been properly exercised, and that the trustees are free from fault in this respect. This having been acquiesced in by all parties has become, in this respect, the law of the case.

The question whether, if a deficiency should arise upon a sale, interest should be allowed thereon previous thereto is not now before the court, and will not be considered. The same remark applies to the payment of taxes.

That part of the judgment appealed from must be reversed and a judgment given declaring that the beneficiaries are not entitled to anything from the residuary estate until a sale of the land by the trustees, by which it shall be ascertained that the proceeds do not amount to $30,000. Costs of all parties to be paid from the residuary estate.

All concur.

Judgment reversed.

Judgment accordingly.